United States Court of Appeals
Fifth Circuit

**F I L E D**

**May 1, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

For the Fifth Circuit

No. 02-41112

IVAN RAY MURPHY, JR.,

Petitioner-Appellant,

VERSUS

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE
INSTITUTIONAL DIVISION,

Respondent-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas, Beaumont Division

Before WIENER, DeMOSS, and DENNIS, Circuit Judges.

PER CURIAM:

Texas Death Row inmate, Ivan Ray Murphy, Jr., (hereinafter "Murphy") seeks habeas corpus relief from his capital murder conviction and death sentence relying upon the Supreme Court's decisions in <u>Penry v. Lynaugh</u>, 492 U.S. 302 (1989)(hereinafter "Penry I") and <u>Penry v. Johnson</u>, 532 U.S. 782 (2001)(hereinafter "Penry II"). Murphy was tried and convicted by a jury in state

district court in October of 1990, right in the middle of that troublesome period of time between the issuance by the U.S. Supreme Court of its decision in Penry I and the effective date of the amendment passed by the Texas Legislature in 1991 which requires the submission of a special issue inquiring as to whether, in light of all mitigating evidence offered by the defendant, life in prison is a more appropriate sentence than the sentence of death. The retrial of Penry occurred in this same period of uncertainty and the form and the content of the two statutory special issues (deliberateness and future dangerousness) and a separate instruction on mitigation, including the "nullification instruction" which were used in Murphy's original trial and in Penry's retrial were virtually identical. In Penry II, the Supreme Court subsequently held that the "nullification instruction" failed to satisfy the requirements of Penry I for providing a "vehicle" by which the jury could express its views on mitigation evidence in a death penalty case; and, therefore the Court vacated Penry's death penalty sentence and remanded Penry's case for a new hearing on punishment. Murphy now claims that he is entitled to the same relief for the same reasons as Penry. The District Court denied Murphy any habeas relief but granted Murphy a COA on his Penry claims. Murphy also applied to this Court for grant of COA on other issues besides the Penry issue, but we now deny Murphy's request for additional COA's.

For better or for worse, however, we conclude that Murphy's

2

appeal in this case is now controlled, not by the Supreme Court's decisions in Penry I and Penry II, but by the *en banc* decision of this Court in Robertson v. Cockrell, 2003 WL 1204119 (5th Cir. 2003) (en banc). Like Murphy and Penry, Robertson was tried in that same troublesome period of time between 1989 and 1991 and the two special statutory issues (deliberateness and future dangerousness) and a separate instruction on mitigating evidence including "the nullification instruction," which were given in Robertson's state trial, were virtually identical to those given in Penry's retrial and Murphy's original trial. After Robertson's conviction and death penalty were affirmed by the state courts on both direct and state habeas reviews and by this Court on federal habeas, the U.S. Supreme Court granted a writ of certiorari, vacated the judgment of this Court and remanded the case for reconsideration "in light of" Penry II. On remand from the Supreme Court, a panel of this Court granted habeas relief to Robertson on the basis of the Supreme Court decision in Penry II; but that panel decision was voted to be reconsidered *en banc* and a majority of this Court sitting *en banc* concluded that (i) Robertson's mitigating evidence failed to satisfy the requirements of "constitutionally relevant mitigating evidence" as defined by numerous decisions of this Circuit; (ii) that all of Robertson's mitigating evidence therefore could be legitimately considered by the jury within the framework of the two statutory special issues

3

which were submitted; (iii) that the "nullification instruction" which was actually submitted to Robertson's jury was surplusage and error, if any, in regard to its submission, was harmless; and, (iv) that the holding of the Supreme Court in <u>Penry II</u> did not apply to or control Robertson's appeal.

The quantity and quality of mitigating evidence offered by Murphy in the punishment phase of his state trial is certainly not any stronger than the mitigating evidence offered by Robertson and we conclude that this panel is bound by the holding of our *en banc* court in <u>Robertson</u> and we therefore reluctantly affirm the decision of the District Court below which denied Murphy all relief which he requested.

We use the adverb "reluctantly" in the preceding holding because two members of this panel filed comprehensive dissents to the holding of the *en banc* court in <u>Robertson</u>; and for the reasons stated in those dissents, we rule as we do here in Murphy's appeal only because we are bound by the *en banc* decision in <u>Robertson</u>.

Judge Wiener concurs in the judgment only.